**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE            )
                             )
         v.                  )        ID No. 1509003108
                             )
MARK HENDERSON,              )
                             )
         Defendant.          )

**MEMORANDUM OPINION DENYING STATE'S MOTION TO REARGUE MOTION TO DECLARE DEFENDANT A HABITUAL OFFENDER**

The Court has reviewed the State's Motion to Reargue Motion to Declare Defendant a Habitual Offender (the "Motion") filed on or about April 8, 2016 on behalf of the State of Delaware. The Court has determined – after reviewing the Motion, the arguments made in the Motion, Superior Court Civil Rule 59(e) and Superior Court Criminal Rules 45(d) and 57(d) – that a hearing on the Motion is unnecessary. *See* Del. Super. R. Civ. P. 59(d). For the reasons set forth below, the Motion is **DENIED**.

**THE FACTS**

On or about November 9, 2015, the Grand Jury indicted Mark Henderson and four others on three criminal charges – Drug Dealing in violation of 16 *Del. C.* § 4754(1) (the "Dealing Charge"), Promoting Prison Contraband in violation of 11 *Del. C.* §1256 (the "Contraband Charge") and Conspiracy Second Degree in violation of 11 *Del. C.* § 512 (the "Conspiracy Charge"). Mr. Henderson plead guilty on January 26, 2016, pursuant to a plea agreement dated January 19, 2016 (the "Plea Agreement"), to the Dealing Charge. The Court initially set Mr. Henderson's sentencing for April 1, 2016. On February 2, 2016, Mr. Henderson's sentencing was changed to April 8, 2016 at 9:30 a.m.

In the Plea Agreement, the State represents that the "State will seek sentencing pursuant to 11 Del. C. 4214(a) on Drug Dealing and will cap its Level V recommendation at 1 years."

Mr. Henderson agreed that he is eligible to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a) because he had previously been convicted of Burglary Second Degree, Theft (felony), and Burglary Third Degree. The Court did not enter an order establishing a deadline for the filing of any motion under 11 *Del. C.* § 4214.

The State filed the Motion to Declare Mark Henderson a Habitual Offender (the "Habitual Offender Motion") with the Prothonotary of this Court on April 7, 2016 at 1:23 p.m. In an affidavit of mailing attached to the Habitual Offender Motion, the State represented that it caused the Habitual Offender Motion to be delivered to Mr. Henderson's counsel on April 6, 2016 either "by regular mail and/or hand delivery…." *See* Affidavit of Mailing. Despite filing the Habitual Offender Motion on the very eve of Mr. Henderson's sentencing, the State did not provide the Court with a Chamber's copy of the Habitual Offender Motion or otherwise make known to Chambers that the Habitual Offender Motion had been filed.

On April 8, 2016 at 9:30 a.m., the Court began the sentencing hearing. The sentencing hearing involved four separate defendants. Although these defendants and their counsel were all present, the State failed to have any deputy attorney generals available for sentencing. The Court briefly adjourned the hearing so that inquiries could be made to find even one deputy attorney general to handle the sentencing calendar. The first deputy attorney general arrived almost ten minutes later. This deputy attorney general was not the deputy attorney general assigned to Mr. Henderson's criminal action. In addition, this deputy attorney general did not know where the assigned deputy attorney was or whether that attorney would be attending the sentencing.

The Court proceeded through sentencing and addressed Mr. Henderson's sentencing and the Habitual Offender Motion. When addressing these matters, the Court asked the one deputy attorney general present if he was prepared to prosecute the Habitual Offender Motion. The

2

deputy attorney general stated that he was not in a position to prosecute the Habitual Offender Motion on behalf of the State. The Court then denied the Habitual Offender Motion. The Court denied the Habitual Offender Motion for two reasons. First, the Court denied the Habitual Offender Motion for being untimely. Second, the Court denied the Habitual Offender Motion because the State was unable to prosecute the motion. The Court noted that the time for sentencing was April 8, 2016 at 9:30 a.m. (even though delayed by efforts to find a deputy attorney general who could present the motion and sentencing) and no one from the State was there who was able to prosecute this motion before the Court. The Court then sentenced Mr. Henderson.

Shortly before 10:00 a.m., the deputy attorney general assigned to Mr. Henderson's criminal action arrived in the courtroom. This deputy attorney general explained that she had been delayed due to the fact that she had been in a scheduling conference with another Superior Court Judge that had gone on longer than anticipated. The deputy attorney general acknowledged that she had not made the Court aware that she might have a scheduling conflict because she felt that other matters were on the Court's calendar and that, if she were late, those matters would be handled before Mr. Henderson's sentencing and the Habitual Offender Motion. The Court then informed the deputy attorney general that it had already denied the Habitual Offender Motion and sentenced Mr. Henderson.

The State filed the Motion later in the day on April 8, 2016.

## DISCUSSION

The State seeks reargument under Rule 59(e) of the Superior Court Civil Rules and Rule 57(d) of the Superior Court Criminal Rules. The Court will only grant a motion for reargument when the Court "has overlooked a controlling precedent or legal principles, or the Court has

3

misapprehended the law or facts such as would have changed the outcome of the underlying decision." *See State v. Abel*, Case No. 1106003662, 2011 WL 5925284 (Del. Super. Nov. 28, 2011).

Although the Motion does not directly address the legal standard for reargument, the State appears to be arguing that the Court misapprehended the law when it denied the Habitual Offender Motion – "The State respectfully submits that the [Habitual Offender Motion] was timely filed and must be granted as a matter of law." Motion at ¶ 5. The Motion goes on to declare that this is true because (i) no scheduling order with deadlines had been entered in this criminal proceeding and (ii) the State is entitled to relief under 11 *Del. C.* § 4214(a) as a matter of law. *Id.* at ¶¶ 6-9. The State provides no authority (case law, rule or statute) that supports its position that, absent a scheduling order, a motion filed under 11 *Del. C.* § 4214(a) less than twenty-four hours before sentencing, which provide less than two days' notice to the defendant's counsel, and where no one from the State is present to prosecute the motion at sentencing should be granted as a matter of law.

The State makes a fundamental mistake in the Motion. The State erroneously concludes that there are no deadlines for the filing of motions in a criminal action in the absence of a scheduling order setting forth such deadlines. In actuality, the Superior Court Criminal Rules anticipates this situation. Rule 45(d) of the Superior Court Criminal Rules controls and serves as a default rule setting deadlines for written motions. Criminal Rule 45(d), in part, provides:

> A written motion, other than one which may be heard ex parte, and notice of the hearing ***shall be served not later than 2 days before the time specified for the hearing unless a different period is fixed by rule or order of the court.***

Del. Super. R. Crim. P. 45(d)(emphasis added). Here, the Court did not enter an order setting a different date and no other date is fixed by rule. Accordingly, Criminal Rule 45(d) applies.

4

Under Criminal Rule 45(d), the State should have served notice of the Habitual Offender Motion no later than April 5, 2016.[1]  *Id.*  Moreover, because of its express title "Affidavit of *Mailing*," the State may have served the Habitual Offender Motion by mail, meaning that the State must account for an additional three days of notice before the hearing.  *See* Del. Super. R. Crim. P. 45(e); Affidavit of Mailing.   The Habitual Offender Motion was untimely because it was filed on April 7, 2016[2] and served no earlier than April 6, 2016.

The Court did not overlook a controlling precedent or legal principles or misapprehended the law or facts such as would have changed the outcome of its decision on April 8, 2016.  The State did not serve the Habitual Offender on Mr. Henderson's counsel until April 6, 2016.  Moreover, for some still unexplained reason, the State did not even file the Habitual Offender Motion with the Court until the afternoon of April 7, 2016 – less than 24 hours before the scheduled time for sentencing of April 8, 2016 at 9:30 a.m.  Compounding this failure to comply with the Court's rules of procedure, the State never sought relief under Criminal Rule 45(b), or even provided the Court the courtesy of contacting Chambers and informing Chambers that the Habitual Offender Motion had only been filed on the day before the hearing.  As such, the Court holds that the State has failed to demonstrate cause for reargument under Civil Rule 59(e) and Criminal Rule 57(d).

---

[1] Because the day of the act after which the designated period of time begins to run shall not be included, April 6, 2016, the date of service, cannot be included in computing time. Del. Super. R. Crim. P. 45(a). Even assuming that the Habitual Offender Motion had been served by hand-delivery on Mr. Henderson's counsel on April 6, 2016 (a fact that is unclear on the record due to the wording of the State's own Affidavit of Mailing), the State should have served the Habitual Offender Motion on April 5 so that April 6 and April 7 could run before the hearing on April 8 (*i.e.*, two days before the time specified in the Habitual Offender Motion).

[2] Criminal Rule 49(d) requires the Habitual Offender Motion to be filed with the Prothonotary within a reasonable time. *See* Del. Super. R. Crim. P. 49(d); Del. Super. R. Civ. P. 5(d) and (e). The Court does not find, under the circumstances here, that filing the Habitual Offender Motion less than twenty-four hours before the sentencing is within a reasonable time.  The State knew on January 26, 2016 that it needed to file a motion under 11 *Del. C.* § 4214(a) prior to sentencing.  Instead of providing a reasonable time to the Court and Mr. Henderson's counsel for considering the Habitual Offender Motion or asking for a continuance of the sentencing, the State chose to file the Habitual Offender Motion later in the day on April 7, 2016.

In addition, the Motion fails to address the other reason the Court denied the Habitual Offender Motion – failure to prosecute. The Court also denied the Habitual Offender Motion because the State was not present to properly prosecute the Habitual Offender Motion at the date and time when it was noticed.[3]

The State filed a Notice of Motion with the Court. The Notice of Motion, states that the Habitual Offender Motion would be "heard at the time of sentencing." The Court set Mr. Henderson's sentencing for April 8, 2016 at 9:30 a.m. early in February, 2016 – far in advance of April 6 and April 7, 2016, – even ordering the preparation of a Presentence Report. At the time of sentencing, the Court was present, Mr. Henderson was present, Mr. Henderson's counsel was present and all appropriate Court personnel were present. The only party not present was the State. When someone representing the State finally showed, that deputy attorney general was not prepared to prosecute the Habitual Offender Motion and did not even know when, or if, the other deputy attorney general would appear to prosecute the Habitual Offender Motion. That deputy attorney general – after failing to communicate to the Court a potential scheduling conflict – arrived in the courtroom just before 10 a.m. and after the Court had already sentenced Mr. Henderson. Therefore, even if the Habitual Offender Motion were timely, the State does not demonstrate how the Court "has overlooked a controlling precedent or legal principles, or that the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision" on the alternative ruling that the State failed to prosecute the Habitual Offender Motion.

---

[3] *See Morales v. State*, 696 A.2d 390 (Del. 1997)(holding that the State has the burden of proof in establishing that each predicate offense meets the requirements of 11 *Del. C.* § 4214 and that the State must prove its case beyond a reasonable doubt).

**CONCLUSION**

The Court holds that the Motion fails to sets forth an adequate basis to show that it overlooked a controlling precedent or legal principles, or that it has misapprehended the law or facts such as would have changed the outcome of the underlying decision. As such, the Court denies the Motion.


Dated: April 26, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge